Leon Newbury v. Harold Crawford        CV-96-094-M    04/18/96
                UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Leon Newbury and Leon Newbury, Executor
of the Estate of Marie Newbury,
        Plaintiffs

        v.                                      Civil No. 96-094-M

Harold F. Crawford,
        Defendant


                          O R D E R


        On February 20, 1994, Leon and Marie Newbury were crossing

U.S. Route 52, in Florence, South Carolina, when they were struck

by a vehicle operated by Harold Crawford.  Mr. Newbury sustained

severe injuries and Mrs. Newbury was killed.  Mr. Newbury,

individually and as executor of his wife's estate, brings this

negligence and wrongful death action against Harold Crawford for

injuries arising out of that accident.


        Defendant moves to dismiss, alleging that he is a resident

of South Carolina and has no contacts with New Hampshire.

Accordingly, he asserts that this court cannot, consistent with

the requirements of due process, exercise personal jurisdiction

over him.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S.

286 (1980); Sawtelle v. Farrell, 70 F.3d 1381 (1st Cir. 1995). Along with his motion to dismiss for lack of personal jurisdiction, defendant has submitted an affidavit in which he states that: he is a resident of South Carolina, he has never lived in or visited New Hampshire, he owns no property in New Hampshire, and he has never conducted any business in New Hampshire.

Plaintiff concedes that personal jurisdiction over defendant is lacking. See Plaintiff's Objection (document no. 5) at 1. Nevertheless, he objects to the dismissal of this case:

> Plaintiff had no information or belief as to the contacts [by] Harold F. Crawford with the State of New Hampshire and, under the basis of the affidavit filed on this motion, does agree that personal jurisdiction issues require that the matter be transferred to the United States District Court for the District of South Carolina, Northern District [sic], but that the Court stay Motion to Transfer Venue back to the United States, District of New Hampshire for discovery and/or trial on the basis of forum non conveniens.

Plaintiff's Objection at 1-2. Although his pleading is not a model of clarity, plaintiff seems to suggest that this court should transfer this case to the United States District Court for the District of South Carolina (presumably, to establish that some federal district court has jurisdiction over the parties and

2

subject matter of this proceeding) and simultaneously order its transfer back to New Hampshire for discovery and trial (presumably, based upon a finding that this is the most appropriate venue in which to litigate plaintiff's claims).

Plaintiff mistakenly relies upon 28 U.S.C. § 1404 in support of his request. Section 1404 provides that venue may be changed only to another district or division in which the case might have originally been filed. Because this court lacks personal jurisdiction over defendant, this district is not an appropriate forum in which to litigate plaintiff's claims. Section 1404 cannot be invoked to permit the exercise of personal jurisdiction where no such jurisdiction exists.

However, 28 U.S.C. § 1631 does authorize at least a portion of the relief plaintiff seeks. That statute provides, in pertinent part, that:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . the court to which it is

3

> transferred on the date upon which it was actually
> filed in . . . the court from which it is transferred.

Here, plaintiff asserts that the statute of limitations governing his claims may have lapsed.[1]  Accordingly, the interests of justice militate in favor of transferring this proceeding to the United States District Court for the District of South Carolina.

## Conclusion

As plaintiff candidly concedes, this court lacks personal jurisdiction over the defendant.  Accordingly, absent defendant's submission to the personal jurisdiction of this court, this is not an appropriate forum in which to litigate plaintiff's claims.  However, because the interests of justice weigh against simply dismissing plaintiff's complaint, the court orders that this matter be transferred to the United States District Court for the District of South Carolina.  28 U.S.C. § 1631.

---

[1]  The parties agree that the accident which forms the basis of plaintiff's complaint occurred on February 20, 1994.  Plaintiff filed his complaint in this court two years later, on February 20, 1996.  He claims that the statute of limitations applicable to his wrongful death action is two years and, therefore, if the court were simply to dismiss his action for lack of personal jurisdiction, he would be precluded from bringing his claims in an appropriate forum.

4

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (document no. 4) is granted to the extent it seeks a ruling that the court lacks personal jurisdiction over the defendant. It is, however, denied, to the extent it seeks the dismissal of plaintiff's action. Instead, the matter is transferred to the United States District Court for the District of South Carolina, where it will proceed as if it had been filed in that court on February 20, 1996.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

April 18, 1996

cc:  Laurence Getman, Esq.
     Brian Barrington, Esq.